UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JACKELYN CLASSEN,

                              Plaintiffs,

      -against-

THE CITY OF NEW YORK,
POLICE OFFICER JENNIFER HERRERA (Tax 948219),
and POLICE OFFICER PETE RODRIGUEZ (Shield No. 5483),

                            Defendants.
-------------------------------------------------------------------------------X

17 CV 0819 (NRB)

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED

      Plaintiff, JACKELYN CLASSEN, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her First Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in this District.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, JACKELYN CLASSEN, is, and has been, at all relevant times, a resident of the State of New York.

7. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

8. At all relevant times hereinafter mentioned, POLICE OFFICER JENNIFER HERRERA (Tax 948219), was an individual employed by the City of New York as a member of the 42nd Precinct.  Defendant Herrera is sued herein in her official and individual capacities.

9. At all relevant times hereinafter mentioned, POLICE OFFICER PETE RODRIGUEZ (Shield No. 5483), was an individual employed by the City of New York as a member of the 42nd Precinct, whose identity is currently unknown to the Plaintiff.   Defendant Rodriguez Is currently assigned to the 41st Precinct.  Defendant POLICE OFFICER PETE RODRIGUEZ (Shield No. 5483) is sued herein in his official and individual capacities.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On July 15, 2014, at approximately 9:00 p.m., Plaintiff, JACKELYN CLASSEN, was lawfully present in front of 1118 Southern Boulevard, County of the Bronx, City and State of New York.

14. At that time and place, both of the individual defendants arrived, and approached the Plaintiff without any legal justification or excuse.

15. Plaintiff was not engaged in any suspicious or illegal activity.

16. Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, the Defendants began threatening the Plaintiff.

17. In response, Plaintiff went to her vehicle which was parked at that location, entered her vehicle, and dialed 911, seeking assistance.

18. Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, Defendant Rodriguez reached through the window of Plaintiff's vehicle and punched her in the head, face and chest.

19. The Defendants then dragged the Plaintiff out of her vehicle and continued to assault her by striking her with their fists on her head, face, chest, and body.

20. The Defendant Rodriguez then sat on Plaintiff's back and ground her face into the asphalt, causing her to sustain a chipped tooth, for which she required medical attention.

21. Plaintiff was not engaged in any violent or threatening activity, and there was no reason for the Defendants to use any level of force on the Plaintiff, much less the force that was actually used.

22. Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, the Defendants formally arrested the Plaintiff.

23. Plaintiff was then taken to the station house of a local area precinct where she was held for several hours and searched.

24. The search revealed no evidence of any guns, drugs, or contraband.

25. Plaintiff was eventually transferred to Bronx County Central Booking where she was held for several more hours.

26. Plaintiff was eventually arraigned on a criminal complaint containing false allegations made by the Defendants, including Defendant Herrera.

27. Pursuant to these false allegations, Plaintiff was falsely charged with resisting arrest, obstruction of governmental administration, and disorderly conduct.

28. Plaintiff was released from custody and forced to return to Court pursuant to the false allegations and charges, before her charges were dismissed when she acceded to an adjournment in contemplation of dismissal.

29. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

30. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

31. At no time did there exist any basis to use any level of force against the Plaintiff, much less the force that was actually employed.

32. The factual allegations and testimony sworn to by each of the individual defendants named

herein against Plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against Plaintiff.

33. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

34. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

35. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

36. Plaintiff, JACKELYN CLASSEN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

38. At no time did defendants have any legal basis for arresting or imprisoning Plaintiff, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

39. Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

40. Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

41. By so doing, the individual defendants, individually and collectively, subjected Plaintiff to

excessive force, false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

42. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

43. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

44. The NYPD Defendants arrested, searched, and incarcerated Plaintiff, JACKELYN CLASSEN, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate their constitutional rights.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

47. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

48. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

49. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, JACKELYN CLASSEN.

50. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

52. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiffs were searched and placed under arrest unlawfully.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

54. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

55. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiffs respectfully request judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
June 7, 2017

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*
/S/
By:   JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020

8